UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ORDEUS ST. REMY,

    Petitioner,

v.                                                                         CASE NO. 6:05-cv-508-Orl-19DAB
                                                                                                 (6:00-cr-147-Orl-19DAB)

UNITED STATES OF AMERICA,

    Petitioner.

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Ordeus St. Remy. The Government filed a response to the section 2255 motion (Doc. No. 6), and Petitioner filed a reply (Doc. No. 7) and a supplemental reply (Doc. No. 9) to the response.

*Procedural History*

Petitioner and several other individuals were charged in a three-count indictment with the commission of various crimes (Criminal Case No. 6:00-cr-147-Orl-19DAB, Doc. No. 58, filed September 12, 2000).[1] Petitioner was charged in all three counts. Petitioner eventually entered into a plea agreement in which, among other matters, he agreed to enter pleas of guilty to counts one, two, and three of the indictment (Criminal Case Doc. No. 84,

---

[1]Hereinafter Criminal Case No. 6:00-cr-147-Orl-19DAB will be referred to as "Criminal Case."

filed October 30, 2000).

United States Magistrate Judge David A. Baker held a hearing on the pleas and subsequently entered a Report and Recommendation Concerning Plea of Guilty (Criminal Case Doc. No. 93, filed October 31, 2000). Magistrate Judge Baker recommended that the plea agreement and the guilty pleas be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly. The Court subsequently entered an Order in which 1) the Report and Recommendation was accepted, affirmed, and adopted; 2) Petitioner was adjudged guilty of counts one, two, and three of the indictment; and 3) the plea agreement was accepted (Criminal Case Doc. No. 99, filed November 6, 2000). On January 29, 2001, the Court entered a Judgment In A Criminal Case, sentencing Petitioner to imprisonment for a term of 151 months (Criminal Case Doc. No. 179). Petitioner did not file a direct appeal.

*Petitioner's Section 2255 Motion Is Untimely*

A motion under section 2255 must be filed within one-year from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255. Petitioner's section 2255 motion is subject to dismissal because it was not timely filed under the one-year period of limitation set forth in section 2255.

As already noted, the judgment of conviction in this case was entered by the Court on January 29, 2001. Because no appeal was filed, the judgment of conviction became final 10 days after the entry of judgment by the Court. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (holding that a conviction that is not appealed becomes final when the time allotted for filing an appeal expires). Thus, Petitioner's conviction became final on or about February 8, 2001, and Petitioner had until February 8, 2002, to file a section 2255 motion in this case.

Although Petitioner's initial section 2255 motion was file-stamped by the Clerk's office on April 4, 2005, under the "mailbox rule," it would be deemed filed on March 30, 2005, the date when the motion was signed and presumably delivered to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Because Petitioner's initial section 2255 motion was not filed by February 8, 2002, it is time-barred and must be dismissed.

Petitioner argues that his claims are based on *Booker*[2] and *Blakely*[3] and that, therefore, this Court should excuse the untimeliness of the section 2255 motion. However, in *Varela*

---

[2]*United States v. Booker*, 125 S. Ct. 738 (2005).

[3]*Blakely v. Washington*, 124 S. Ct. 2531 (2004).

*v. United States*, 400 F.3d 864 (11th Cir. 2005), the Eleventh Circuit Court of Appeals held that "*Booker's* [and *Blakely's*] constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Id*. at 868. Therefore, section 2255 affords Petitioner no relief.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1, filed April 4, 2005) filed by Ordeus St. Remy is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a certified copy of this Order and the judgment in criminal case number 6:00-cr-147-Orl-19DAB and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 457, filed April 4, 2005) pending in that criminal case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this __21st__ day of November, 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
pslc 11/21
Ordeus St. Remy
Counsel of Record